UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CADLE COMPANY,<br>    Plaintiff,<br><br>    v.<br><br>MARGUERITE FLETCHER and TERRY<br>B. FLETCHER,<br>    Defendants. | No. 3:11-cv-00794 (SRU) |

### ORDER

During a January 27, 2014 status conference, I gave the parties, plaintiff The Cadle Company ("Cadle") and defendants Terry B. Fletcher ("Fletcher") and his wife, Marguerite Fletcher ("Mrs. Fletcher"), the opportunity to file simultaneous briefs on the question whether I should allow Count Four of the complaint to proceed after having granted summary judgment on Count Three of the complaint.  The parties submitted those briefs on February 12, 2014.  (docs. # 186, 187).  Count Four of the complaint requests imposition of a constructive trust over the assets Fletcher conveyed to his wife.  Count Three of the complaint brought a fraudulent transfer action under the Connecticut Uniform Fraudulent Transfer Act ("CUFTA"), Conn. Gen. Stat. § 52-552a *et seq*.  In ruling on the parties' cross-motions for partial summary judgment (doc. # 172), I held that Fletcher's paychecks deposited in Mrs. Fletcher's bank account were not exempt from execution, opening the door for Cadle to recover monies transferred there.  During the status conference, I suggested that Count Four might be considered moot in light of my ruling on Count Three, obviating the need to consider Cadle's motion for prejudgment remedy (doc. # 155) and allowing the entry of a final judgment.  Cadle, however, would like to preserve Count Four of the complaint and argues that even if my ruling on Count Three is reversed, I would be able to adjudicate Count Four of the complaint to provide relief.  I agree with Cadle that I would

be permitted to consider the imposition of a constructive trust if the ruling on Count Three is reversed, but disagree that in order to do so I must not dismiss Count Four of the complaint.

      First, and most importantly, a constructive trust is an equitable remedy that I may decide to impose at my discretion.  *See Connecticut Bank & Trust Co. v. Winters*, 225 Conn. 146, 162 (1993) ("[E]quitable power must be exercised equitably . . . [but] [t]he determination of what equity requires in a particular case . . . is a matter for the discretion of the trial court.") (citation omitted).  Further, the availability of an adequate remedy of law will weigh heavily against the exercise of the court's equitable powers.  *See United States v. $2,350,000.00 In Lieu of One Parcel of Property Located at 895 Lake Avenue Greenwich, Connecticut*, 718 F. Supp. 2d 215, 229 (D. Conn. 2010) ("Because a constructive trust is an equitable remedy, its application is only appropriate where there is no available adequate legal remedy.") (citing *Wendell Corp. Trustee v. Thurston*, 239 Conn. 109 (1996)).  Here, not only does an adequate legal remedy exist, but Cadle has prevailed on its legal claim and has been granted relief.  There is no reason for the court to exercise its equitable powers.

      Second, and more practically, I am reluctant to exercise the court's equitable powers where a comprehensive statutory regime exists to provide relief.  Cadle argues that its request for a constructive trust differs from the fraudulent transfer action and that I should permit it to reach the assets of a judgment debtor despite the various mechanisms made available to it under CUFTA and rules imposed on it by the financial execution statutes.  I will not and need not address that argument here; Cadle has already prevailed on a claim that would provide relief.  Indeed, Cadle appears to concede that the two counts "essentially provide Cadle with recourse to the same ill-gotten fruit" and that "if Cadle were to proceed to trial and prevail on the Fourth Count, the economic relief Cadle would obtain by that process would be fundamentally the same

relief that Cadle will be obtaining through a money judgment against [Marguerite] on the Third count." Cadle Br. at 5 (doc. # 187).

For the reasons stated above, I dismiss Count Four of the complaint as moot. In the event that my ruling on Count Three of the complaint is reversed, Count Four of the complaint will no longer be moot, and I will adjudicate that claim. Because there are now no claims left to adjudicate, Cadle's motion for prejudgment remedy (doc. # 155) and motion for hearing (doc. # 173) are denied as moot. Further, Cadle's supplemental motion to compel (doc. # 116) is denied as moot without prejudice.

The clerk shall enter judgment and close this file.

It is so ordered.

Dated at Bridgeport, Connecticut, this 20th day of March 2014.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge