UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CADLE COMPANY,<br>      Plaintiff,<br><br>      v.<br><br>MARGUERITE FLETCHER and TERRY<br>B. FLETCHER,<br>      Defendants. | No. 3:11-cv-00794 (SRU) |

### RULING ON PENDING MOTIONS

Defendant Terry B. Fletcher ("Fletcher") is a judgment debtor to plaintiff The Cadle Company ("Cadle") with respect to state court judgments amounting to over $3 million. During Cadle's efforts to collect those judgments, defendant Marguerite Fletcher ("Mrs. Fletcher"), Fletcher's wife, received several of her husband's paychecks into her personal bank accounts. Cadle attempted to recover the debts owed by executing on Mrs. Fletcher's bank accounts and, having been unsuccessful in its collection efforts, brought a fraudulent transfer action under the Connecticut Uniform Fraudulent Transfer Act ("CUFTA"), Conn. Gen. Stat. § 52-552a *et seq*. against her. In cross-motions for partial summary judgment with respect to liability only, the parties disagreed whether Fletcher's wages were exempt from collection once they were deposited in Mrs. Fletcher's accounts. On November 19, 2013, I ruled on those motions, holding that Fletcher's wages deposited in Mrs. Fletcher's bank account were not exempt from execution, and therefore Mrs. Fletcher is liable to Cadle as the transferee of fraudulent conveyances. Doc. # 172.

On November 26, 2013, defendants moved to amend the court's ruling on the parties' cross-motions for partial summary judgment, seeking a certification pursuant to 28 U.S.C. §

1

1292(b) that the order was immediately appealable. Doc. # 174.  On December 3, 2013, Cadle moved to amend and/or alter the ruling on the parties' cross-motions, seeking a determination of the amount of damages.  Doc. # 175.  On March 20, 2014, I entered an order (the "March Order") (doc. # 190) dismissing Count Four of the complaint, which resolved all claims then pending, as well as Cadle's motion for prejudgment remedy (doc. # 155).  Cadle then moved, pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure to amend or for reconsideration of the March Order.  Doc. # 191.  The basis of the motion was that the March Order, which granted summary judgment to plaintiff on liability only, did not specify the amount of damages due to Cadle.  Cadle seeks a determination of the damages to be awarded, as well as the extent to which it might be entitled to prejudgment interest.  On May 7, 2014, Cadle also renewed its motion for prejudgment remedy.  Doc. # 195.  With respect to the renewed motion, Cadle relies on the arguments made in its initial motion for prejudgment remedy, and argues that Cadle is entitled to ten percent per annum prejudgment interest on the damages due.

For the reasons stated below, I grant in part and deny in part Cadle's motion to alter, or amend judgment and for reconsideration of the order entered on March 20, 2014 order (doc. # 191) and, in light of that ruling, deny as moot Cadle's motion to alter/amend the March Order (doc. # 175).  I also deny Cadle's motion for prejudgment remedy (doc. # 195).

**I.      Standard of Review**

  A. Motion for Reconsideration

The standard for granting motions for reconsideration is strict; motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d

255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided, *id.*, but may be granted where there is a need to correct a clear error or prevent manifest injustice, *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478).

  B. <u>Motion to Amend or Alter Judgment</u>

    Federal Rule of Civil Procedure 60(b) sets forth grounds for relief from a <u>final judgment</u> or order, which are "addressed to the sound discretion of the district court." *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990) (citation omitted). In pertinent part, Rule 60(b) permits courts to grant such relief for "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). "Properly applied Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001); *accord Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004). "Generally, courts require that the evidence in support of [a Rule 60(b) motion] be highly convincing, that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties." *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (internal quotation marks and citations omitted). "The burden of proof is on the party seeking relief from judgment." *Int'l Bhd. of Teamsters*, 247 F.3d at 391.

**II.** **Discussion**

    The three primary issues discussed in the pending motions are: (1) defendants' request for certification of an interlocutory appeal; (2) Cadle's request that I determine the amount of

damages available, as well as the availability of prejudgment interest; and (3) whether a prejudgment remedy should be granted. I address each of those issues in turn below.

　　A.　Defendants' Motion to Amend Order [Doc. # 174]

　　　　The Fletchers move to amend the court's ruling on the parties' cross-motions for partial summary judgment in order to certify the immediate appealability of that ruling on the ground that the ruling "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b). Because the present ruling will determine damages and direct the entry of final judgment, there is no need for interlocutory certification under Section 1292(b) and, therefore, defendants' motion is denied.

　　B.　Plaintiff's Motion to Amend or Alter Judgment and Motion for Reconsideration [Docs. # 175, 191]

　　　　Cadle asks the court to determine the damages award and to determine the extent to which it is entitled to prejudgment interest. The defendants do not dispute the amount of relevant transfers and have left that issue to my discretion. Defs.' Mem. in Opp'n to Mot. to Alt. (doc. # 178) at 2. The defendants do not dispute the amount of damages—other than a potential award of prejudgment interest. Accordingly, I find defendants liable to Cadle for fraudulent transfers in the principal amount of $326,362.04. I next determine whether Cadle is entitled to prejudgment interest.

　　　　The defendants' primary objection is to Cadle's request for prejudgment interest, which was not sought by Cadle in the motion for partial summary judgment regarding liability or briefed by the parties as part of the summary judgment filings.[1] Cadle seeks prejudgment

---

[1] Defendants also object to language in Cadle's request that states that the damages due are "not less than the collective sum of $326,362.04." Defendants argue that such language

4

interest on the sum of "not less than" $326,362.04, from the year in which the respective fraudulent transfers occurred, in the amount of $155,007.  Pl.'s Mot. to Alt. (doc. # 175) at 2-3. Although there has not been briefing on the issue since the decision in favor of the plaintiff on the cross-motions for partial summary judgment, defendants claim that they would raise the following arguments in opposition to the award of prejudgment interest of ten percent per annum: (1) Cadle's alleged several-year delay in bringing suit and prosecuting the action, despite its knowledge of the transfers; and (2) the excessiveness of a ten percent interest award given the economic climate during the relevant period.  Defs.' Mem. in Opp'n to Mot. to Alt. (doc. # 178) at 2 n.1.  Further, defendants argue that Cadle's request of ten percent interest is improperly punitive.  In response, Cadle argues that it is seeking the maximum interest rate because the defendants "engag[ed] in a pervasive and protracted asset shielding scheme [that] shows that they are not creditworthy in the extreme, and such lack of credit-worthiness should be taken into consideration when assessing the interest rate."  Pls.' Rep. (doc. # 197) at 3.

Under Connecticut law, "interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes payable."  Conn. Gen. Stat. § 37-3a.  "An award of prejudgment interest under section 37-3a is an equitable determination within the discretion of the court."  *Garnet Analytics, Inc. v. Diversified Solutions, Inc.*, 2013 WL 6511940, at *8 (D. Conn. Dec. 12, 2013) (citing *Brandewiede v. Emery Worldwide*, 890 F.Supp. 79, 82 (D. Conn. 1994)).  Before it can award interest, a court must first determine "(1) whether the party against whom the interest is sought has wrongfully detained money due the other party; and (2) the date upon which the wrongful detention began in order to determine the time from which interest should be calculated."  *Sears*

---

could open the door to Cadle seeking additional amounts related to the fraudulent transfers.  My determination of the damages award below should eliminate that concern.

5

*Roebuck & Co. v. Bd. of Tax Review*, 241 Conn. 749, 763 (1997).[2]  If I determine that interest is appropriate in this case, I have the discretion to award up to ten percent interest, but also the discretion to award less.  *Id*. at 765-66.

I have already ruled that Mrs. Fletcher wrongfully received fraudulent transfers from her husband.  During the time that she was the wrongful transferee of the fraudulent transfers, Cadle was deprived of the opportunity to use and earn interest on the money it was owed.  *See Millennium Aviation Servs., Inc. v. Gen. Dynamics Co.*, 335 F. App'x 76, 79 (2d Cir. 2009)) ("[W]rongful' is not synonymous with bad faith conduct[;] [r]ather, wrongful means simply that the act is performed without the legal right to do so.") (citing *Ferrato v. Webster Bank*, 67 Conn. App. 588, 596 (2002)); *Hartford Steam Boiler Inspection & Ins. Co. v. Underwriters at Lloyd's & Cos. Collective*, 121 Conn. App. 31, 61-62 (2010) (holding it was not abuse of discretion for trial court to award prejudgment interest even though there had been no bad faith, because "defendants were deprived of [the money's] use and opportunity to earn interest upon it for six years").

I must next determine from what date the interest begins to run.  This lawsuit commenced in May 2011.  The statute of limitations for fraudulent transfers is four years.  Thus, Cadle may recover for fraudulent transfers made four years before that date, or beginning in May 2007.  The parties do not dispute that transfers to Mrs. Fletcher occurred at least as early as May 2007, and I will use that date as the date from which Cadle was denied money owed to it.  Although I am permitted to award a prejudgment interest rate of ten percent per annum, I will adjust that rate

---

[2] An additional factor is whether the party seeking prejudgment interest made diligent efforts to recover that money.  *Brandewiede v. Emery Worldwide*, 890 F. Supp. 79, 82 (D. Conn. 1994), *aff'd,* 66 F.3d 308 (2d Cir. 1995).  Notwithstanding defendants' arguments to the contrary, the record shows that Cadle made diligent efforts to file its claim and recover that money.

downward to more accurately reflect the market conditions during the relevant period and award prejudgment interest at a rate of four percent.[3]

Prejudgment interest is computed as follows:

- <u>2007</u>: In the relevant part of 2007, there were $83,386.45 in transfers. *See* Defs.' Mot. for Summ. J., Affidavit of Robert Boudreau, CPA (doc. # 99-3) ("Boudreau Affidavit") at ¶¶ 12, 14, Ex. 34. At the rate of 4%, Cadle is entitled to $3,335.46 in prejudgment interest for each of seven years, or $23,348.21 in interest on the 2007 fraudulent transfers.

- <u>2008</u>: In 2008, there were $128,828.10 in fraudulent transfers. *See id.* at ¶¶ 12, 15, Ex. 35. With respect to the 2008 transfers, Cadle is entitled to $5,153.12 of interest per year for six years, or $30,918.74 in interest.

- <u>2009</u>: In 2009, there were $77,015.12 in fraudulent transfers. *See id.* at ¶¶ 12, 16, Ex. 36. Cadle is entitled to $3,080.60 per year for five years, or $15,403.02 in interest.

- <u>2010</u>: In 2010, there were $23,456.72 in fraudulent transfers. *See id.* at ¶¶ 12, 17, Ex. 37. At the rate of 4%, that is $938.27 per year for four years, or $3,753.08 in interest.

- <u>2011</u>: In 2011, the year in which this suit was brought, there were $13,675.57 in fraudulent transfers. *See id.* at ¶¶ 12, 18, Ex. 38. Cadle is entitled to $547.02 per year for three years, or $1641.07 in interest.

The total interest accrued on all of these transfers to the present date is $75,064.12. Accordingly, I find that Cadle is entitled to the principal sum of $326,362.04 plus $75,064.12 in prejudgment interest, for a total judgment of $401,426.16.

C. <u>Plaintiff's Renewed Motion for Prejudgment Remedy [Doc. # 195]</u>

Cadle has renewed its motion for prejudgment remedy. Connecticut General Statutes Section 52-278a *et seq.* provides for prejudgment remedies in favor of a plaintiff where there is probable cause that a judgment in an amount not less than the prejudgment remedy sought will

---

[3] The prejudgment interest rate of four percent reflects a rough approximation of the average Federal Reserve prime interest rate during the relevant period. That rate will be applied to produce a total prejudgment interest award derived from a simple interest calculation of four percent per annum.

be rendered in favor of the plaintiff.  Defendants argue that the award of a prejudgment remedy would violate Rule 64 of the Federal Rules of Civil Procedure because a prejudgment remedy is inappropriate after judgment has entered.  Rule 64 permits the court to use every remedy available under state law to secure satisfaction of the potential judgment "[a]t the commencement of and throughout an action."  Fed. R. Civ. P. 64.  Although judgment with respect to liability on Count Three has entered, a final judgment has not; therefore, the award of a prejudgment remedy is not procedurally barred that reason.  Defendants also argue that, in the event that a prejudgment remedy is to be awarded, a hearing is necessary to determine issues relating to bond requirements and prejudgment interest.  In light of the above determination of damages and award of prejudgment interest, judgment will enter as described herein and, therefore, Cadle's renewed request for prejudgment remedy is denied as moot.

## IV.     Conclusion

For the reasons stated above, defendants' motion to amend (doc. # 174) is denied.  Plaintiff's motion to amend/correct (doc. # 175) and motion to alter judgment (doc. # 191) are granted in part and denied in part.  Plaintiff's renewed motion for prejudgment remedy (doc. # 195) is denied as moot.

I granted partial summary judgment with respect to Count Three of the complaint, and the March Order dismissed Count Four as moot without prejudice to renewal in the event of a reversal of my ruling on Count Three.  March Order (doc. # 190) at 2-3.  Counts One and Two are still pending and must be resolved before final judgment can enter.  Pursuant to Rule 54(b), however, the court may "direct entry of a final judgment as to one or more, but fewer than all claims or parties . . . if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54.  Cadle has conceded that Counts One and Two of the complaint "essentially

provide Cadle with recourse to the same ill-gotten fruit" as Count Three, Pl.'s Mem. Re. 4th Ct. of Compl. (doc. # 187) at 5, and has declared its intention to drop Counts One and Two once damages in an amount "not less than $326,362.04" have been established, Pl.'s Mot. to Alt. (doc. # 175) at 2-3.  Because this ruling satisfies the conditions under which Cadle states that it would drop the two pending counts, and any recovery under those two counts is likely to duplicate the damages recoverable under Count Three, trying those claims is unnecessary and there is no just reason to delay the entry of an appealable judgment.

The clerk is directed to enter partial final judgment, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, in favor of plaintiff Cadle on Count Three in the principal sum of $326,362.04 plus $75,064.12 in prejudgment interest, for a total judgment of $401,426.16.

It is so ordered.

Dated at Bridgeport, Connecticut, this 13th day of August 2014.

/s/ Stefan R. Underhill_____
Stefan R. Underhill
United States District Judge